UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| David Lee Glenn, | ) | |
| | ) | |
| Petitioner, | ) | Cr. No.: 7:09-cr-01327-GRA |
| | ) | (C/A No.: 7:14-cv-02397-GRA) |
| v. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | (Written Opinion) |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before this Court on Petitioner David Lee Glenn's ("Petitioner's") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). ECF No. 98. For the reasons set forth below, Petitioner's Motion is DISMISSED.

## Background

On May 19, 2010, a jury found Petitioner guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a). ECF No. 57. On December 9, 2010, this Court, over Petitioner's objection[1], sentenced him to 300 months imprisonment. ECF Nos. 60 & 65. This Court determined that Petitioner was a career offender within the meaning of U.S.S.G. § 4B1.1.[2] Petitioner appealed his sentence based on this

---

[1] Petitioner objected that the Presentence Report did not give him a reduction for acceptance of responsibility, which would have reduced his total offense level by two levels. *See* ECF No. 60-1.

[2] U.S.S.G. § 4B1.1(a), which has remained unaltered since the 2009 version of the United States Sentencing Guidelines Manual which was used in Petitioner's original Presentence Report, outlines the criteria for the career offender enhancement:
> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Court's denial of his objection to the PSR, but Petitioner did not object to or appeal his classification as a career offender. The United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence. *See* ECF Nos. 86 & 87.

Petitioner moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his current sentence on grounds of ineffective assistance of counsel on April 10, 2012. ECF No. 88. The Government responded in opposition and moved for summary judgment. ECF Nos. 91 & 92. This Court denied Petitioner's motion and granted the Government's Motion for Summary Judgment on July 17, 2012. ECF No. 95. Petitioner has now filed another motion pursuant to 28 U.S.C. § 2255, again alleging ineffective assistance of counsel "because counsel failed to raise an objection at sentencing to an enhanced career offender sentence." ECF No. 98.

## Standard of Review

Petitioner brings this § 2255 motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). However, 28 U.S.C. § 2255(h) states that a "second or successive [§ 2255] motion

must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). The court of appeals will only allow a second or successive § 2255 petition if the petition contains either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). The district court lacks jurisdiction to consider a second or successive § 2255 motion without this pre-filing authorization. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (explaining that "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals"); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

However, "not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006). "For example, when a first petition is dismissed on technical grounds, such as failure to exhaust state remedies, it is not counted; thus, a subsequent petition is not considered second or successive." *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) ("A habeas petition in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.")). A "new judgment intervening between the two habeas petitions" would prevent a numerically second habeas

petition from being classified as "second or successive." *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010); *see United States v. Hairston*, No. 12-8096, 2014 WL 2600057 (4th Cir. June 11, 2014) (stating that Hairston's numerically second § 2255 motion was not a "second or successive" motion for purposes of 28 U.S.C. § 2255(h) when a state court vacated a conviction after the district court denied his first § 2255 motion, because "Hairston's claim was unripe at the time his numerically first motion was adjudicated").

## Discussion

Here, Petitioner previously filed a § 2255 motion, which this Court dismissed. ECF No. 95. This prior petition was adjudicated on the merits, thus making the current petition a successive § 2255 motion. Additionally, Petitioner has not pointed to any intervening judgment that would prevent his current motion from being classified as "second or successive."[3] Finally, Petitioner has not alleged that he has obtained an order of certification from the United States Court of Appeals for the Fourth Circuit authorizing this Court to consider his second § 2255 motion. Therefore, this Court lacks jurisdiction to hear this successive § 2255 petition.

## Conclusion

This Court lacks jurisdiction to consider Petitioner's successive § 2255 petition without certification from the Fourth Circuit. As Petitioner has not obtained this

---

[3] "The issue in *Hairston* and the two cases it primarily relied on all involved prior convictions being vacated, rather than subsequent case law concluding that a still-valid prior conviction no longer counts as a predicate offense." *Joy v. United States*, No. 4:06-cr-01317-TLW-6, 2014 WL 3054727, at *2 (D.S.C. July 3, 2014) (citations omitted) (concluding that "*Hairston* does not provide Petitioner with relief" as Petitioner's case "does not involve a vacated conviction); *Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) ("Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." (emphasis in original)).

authorization, this petition is subject to dismissal.  Petitioner is advised that the Fourth Circuit is the appropriate court to seek pre-filing authorization so that this Court may consider any subsequent § 2255 motion.

**IT IS THEREFORE ORDERED** that Petitioner's motion is DISMISSED as an uncertified, successive petition.  This Court declines to issue a certificate of appealability in this matter.[4]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July  10 , 2014
Anderson, South Carolina

---

[4] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255.  This Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").